FILED
CLERK, U.S. DISTRICT COURT

FEB - 9 2016

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TANGELA MONIQUE RIDGEWAY, ,<br><br>　　　　Defendant. | Case No. 16-0264M<br><br>ORDER OF DETENTION |

I.

The Defendant was arrested in this District pursuant to a warrant issued by the United States District Court for the Eastern District of North Carolina, based on an Indictment charging Defendant with conspiracy to commit money laundering violations which alleges that defendant engaged in financial transactions that involved the proceeds of a specified unlawful activity, namely, conspiracy to distribute and possess with intent to distribute marijuana, in violation of 18 U.S.C. § 1956 and 21 U.S.C. §§ 841(a)(1), 846.

The government filed a notice of request for detention pursuant to 3142(e), contending that there were no condition or combination of conditions that would reasonably assure the appearance of the defendant as required.

Defendant requested pre-trial release contending that the instant charges are non-violent in nature and that defendant has no incentive to flee, given her responsibility as a parent and employment and that, even though she is presently on probation for a 2014 perjury conviction, she has been compliant with the terms and conditions of probation.

II.

After hearing argument from the parties, and receiving additional information regarding defendant's involvement in the instant offense, her prior criminal history and her previous contact with law enforcement agents, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.  This finding relies, in large part, on the lack of sufficient bail resources or sureties who could vouch for defendant's ability to abide by the terms and conditions of release, because the Court believes that

1  conditions could be imposed to mitigate the concern that defendant might flee or
2  fail to report as required.

### III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency (which recommended that defendant be detained).

### IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Lack of bail <u>sufficient</u> resources
- ☒ Defendant's inconsistent reporting of her residence address
- ☒ Defendant's use of aliases and name variations
- ☒ Defendant's current status as subject to a five-year term of probation, imposed in 2014, based on a conviction for perjury.[1]

---

[1] Although the Pretrial Services Report indicated that the underlying conviction for which defendant was serving a term of probation was perjury, government counsel and the Pretrial Services Officer in the Courtroom verified that defendant had been convicted of multiple counts of perjury, welfare fraud, and grand theft.

As to danger to the community:

☒  Allegations in present charging document.

☒  Prior criminal history which includes, in addition to the 2014 conviction addressed above, a 2000 conviction for vandalism causing property damage, a misdemeanor for which defendant was placed on probation for 12 months, and a 1993 conviction for forgery and theft, for which defendant was placed on probation for 36 months.

### V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)].

The Court advised the parties that it would be willing to reconsider the order of detention if defendant could proffer sureties and/or if the parties could agree on terms and conditions for release..

Dated: February 9, 2016

_____/s/_____
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE